UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NIRVA SANCHEZ, and
GERARDO SANCHEZ

                Plaintiffs,

-against-

AZZAM ABDERRAHMAN, AZZAM JOHN/JANE
DOES 1-20, TARA ANGLIN MAROLLA,
WESTCHESTER COURT SERVICE-FOX
ADVERTISING, INC., SMITH, BUSS AND JACOBS,
LLP, JOHN J. MALLEY, KENNETH R. JACOBS,
YONKERS LAW FIRM JOHN/JANE DOES 1-20,
RACHEL HAQUE, JOHN G. ANGELET, ROY
R. SPELLS, MARIA FLORES, KIMBERLY
WALENTIN, RODNEY MCLEAN, ALBERT WEISS,
HERMAN FREUND, PERCY GOLDMAN, THE
FOUNDRY CONDOMINIUM ASSOCIATION, THE
BOARD OF MANAGERS AS AGENT FOR THE
FOUNDRY CONDOMINIUM ASSOCIATION,
BOARD JOHN/JANE DOES 1-20,

                Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-cv-3641 (CBA)

**AMON, Chief United States District Judge**.

On February 6, 2012, plaintiff Gerardo Sanchez filed a motion asking the Court to reconsider its July 7, 2011 order denying his motion for a default judgment and seeking disqualification of counsel for the Foundry Defendants[1] on the ground that certain of these defendants had conflicts of interest. The instant motion also asks the Court to strike a stipulation extending the Foundry

---

[1] The Foundry Defendants are Rachel Haque, John G. Angelet, Roy R. Spells, Maria Flores, Kimberly Walentin, Rodney Mclean, Albert Weiss, Herman Freund, Perry Goldman (incorrectly named as "Percy Goldman" in the complaint), and the Board of Managers of the Foundry at Washington Park Condominium (named "The Foundry Condominium Association and the Board of Managers as Agent for the Foundry Condominium Association" in the complaint).

1

Defendants' time to answer, which Sanchez claims was procured through counsel's misrepresentation as to whether it had been properly retained by all Foundry Defendants.

Sanchez's motion to reconsider is based on a statement made by Kimberly Walentin, one of the Foundry Defendants, at an unrelated bankruptcy proceeding. At that proceeding, Sanchez appeared as a creditor and asked Walentin if she knew Jeffrey Basso, the attorney who has entered an appearance on her behalf in this action. Walentin answered that she had never met Basso, appearing to believe that Basso was in fact Sanchez's attorney.

Although Walentin's statements at the bankruptcy hearing are arguably new facts upon which Sanchez may move for reconsideration of a Court order, *see Rullan v. New York City Dep't of Sanitation*, 2012 WL 76926, *2 (S.D.N.Y. 2012) (explaining standard for reconsideration under Local Civil Rule 6.2), the Court has reviewed the Foundry Defendants' submissions—including the affidavits of Walentin and the other individual Foundry Defendants—and remains satisfied that counsel had secured and has continually retained the consent of all Foundry Defendants to its representation.

Sanchez's motion is to reconsider is denied. Further, in light of the Court's recently-issued Memorandum and Order granting the Foundry Defendants' motion to dismiss all claims against them, the Clerk of Court is directed to terminate the Foundry Defendants from this action.

SO ORDERED.

Dated: April 2, 2012
       Brooklyn, N.Y.

                                                                   /s/
                                         Carol Bagley Amon
                                         Chief United States District Judge