FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 06 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

NIRVA SANCHEZ, and
GERARDO SANCHEZ

Plaintiffs,

-against-

AZZAM ABDERRAHMAN, AZZAM JOHN/JANE DOES 1-20, TARA ANGLIN MAROLLA, WESTCHESTER COURT SERVICE-FOX ADVERTISING, INC., SMITH, BUSS AND JACOBS, LLP, JOHN J. MALLEY, KENNETH R. JACOBS, YONKERS LAW FIRM JOHN/JANE DOES 1-20, RACHEL HAQUE, JOHN G. ANGELET, ROY R. SPELLS, MARIA FLORES, KIMBERLY WALENTIN, RODNEY MCLEAN, ALBERT WEISS, HERMAN FREUND, PERCY GOLDMAN, THE FOUNDRY CONDOMINIUM ASSOCIATION, THE BOARD OF MANAGERS AS AGENT FOR THE FOUNDRY CONDOMINIUM ASSOCIATION, BOARD JOHN/JANE DOES 1-20,

Defendants.

-------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-cv-3641 (CBA)

**AMON, Chief United States District Judge.**

On February 6, 2012, plaintiff Gerardo Sanchez filed a motion asking the Court to reconsider its July 7, 2011 order denying his motion for a default judgment and seeking disqualification of counsel for the Foundry Defendants[1] on the ground that certain of these defendants had conflicts of interest. The Foundry Defendants opposed that motion and included an affidavit from Kim-

[1] The Foundry Defendants are Rachel Haque, John G. Angelet, Roy R. Spells, Maria Flores, Kimberly Walentin, Rodney Mclean, Albert Weiss, Herman Freund, Perry Goldman (incorrectly named as "Percy Goldman" in the complaint), and the Board of Managers of the Foundry at Washington Park Condominium (named "The Foundry Condominium Association and the Board of Managers as Agent for the Foundry Condominium Association" in the complaint).

berly Walentin, one of the Foundry Defendants and the principal subject of Gerardo's motion. The Court denied Gerardo's motion on April 2, 2012.

It was not known to the Court at the time it issued the order denying the motion that Gerardo had filed a reply. Additionally, another plaintiff in the action, Nirva Sanchez, had filed a motion joining in Gerardo's motion and apparently opposing Walentin's affidavit. Neither Gerardo's reply nor Nirva's opposition has merit. Gerardo's reply does nothing to alter the Court's conclusion that counsel for the Foundry Defendants was at all times duly retained and authorized to represent the Foundry Defendants. And Nirva is incorrect that the automatic stay that attached to Walentin's bankruptcy proceeding precluded her filing of an affidavit as to her representation in this action. The Court's prior denial of Gerardo's motion is reaffirmed and Nirva's motion is denied.

SO ORDERED.

Dated: April 6, 2012
Brooklyn, N.Y.

/S/

Carol Bagley Amon
Chief United States District Judge