UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NIRVA SANCHEZ and GERARDO SANCHEZ,

                Plaintiffs,

- against -

AZZAM ABDERRAHMAN et al.,

                Defendants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-3641 (CBA) (LB)

**AMON, Chief United States District Judge.**

Plaintiffs Nirva and Gerardo Sanchez, proceeding pro se, commenced this action on August 9, 2010. On March 30, 2012, this Court issued an order dismissing all of plaintiffs' claims except those under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Smith, Buss, and Jacobs LLP, John J. Malley, and Kenneth R. Jacobs (the "SB&J Defendants"), Westchester Court Service – Fox Advertising, Inc. ("WCS"), Azzam Abderrahman, and Tara Anglin Marolla.[1] As more fully set forth in that order, plaintiffs allege that in a state court proceeding that is apparently still pending, the SB&J Defendants hired defendants WCS and Abderrahman as process servers and defendant Marolla as a notary public, who failed to serve plaintiffs with process and then filed false affidavits of service with the state court. (See D.E. # 69.) Plaintiffs further claim that WCS, Abderrahman, and Marolla routinely

---

[1] Plaintiffs also named "Azzam John/Jane Does 1-20" and "Yonkers Law Firm John/Jane Does 1-20" as defendants in this action. Where, as here, discovery has closed and plaintiffs have had ample time and opportunity to identify and serve John Doe defendants and have not done so, it is appropriate to dismiss the defendants without prejudice. See Coward v. Town & Vill. of Harrison, 665 F. Supp. 2d 281, 300 (S.D.N.Y. 2009). Accordingly, any claims against these defendants are dismissed.

1

engage in this "sewer service" and that the SB&J Defendants "knew or reasonably should have known" that the filed affidavits of service were false. (Am. Compl. ¶ 78.)

On March 8, 2013, the SB&J Defendants filed a motion for summary judgment. On July 24, 2013, the Honorable Lois Bloom, United States Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that the Court grant defendants' motion for summary judgment on two grounds. First, Magistrate Judge Bloom found that plaintiffs' FDCPA claims against the SB&J Defendants were barred under the doctrine of collateral estoppel because the state court had previously denied plaintiffs' motions to dismiss for lack of jurisdiction. (See R&R at 5-9.) Second, Magistrate Judge Bloom determined that even if plaintiffs' claims were not barred by collateral estoppel, the SB&J Defendants were still entitled to summary judgment because plaintiffs failed to present any evidence from which a rational juror could find that the SB&J Defendants exercised the requisite control over WCS or Abderrahman to establish vicarious liability, or that the SB&J Defendants knew the affidavits of service were false or highly likely to be false. (See R&R at 9-14.)

Gerardo Sanchez submitted a motion for reconsideration on August 6, 2013. He attached a state court order, dated April 26, 2013, which states that although the court had previously disposed of Sanchez's motion to dismiss for lack of jurisdiction on the grounds that he was never served, the "requested relief" had never been fully addressed. (D.E. # 115-1 at 2.) On the basis of the order, Gerardo Sanchez argued that Magistrate Judge Bloom had erred in finding that plaintiffs' FDCPA claims against the SB&J Defendants were barred by collateral estoppel. On August 12, 2013, Magistrate Judge Bloom denied Sanchez's motion for reconsideration.

## DISCUSSION

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo the portions of an R&R to which a party has objected and reviews those portions not objected to for clear error. Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010); Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009).

Both Nirva and Gerardo Sanchez filed timely objections to Magistrate Judge Bloom's R&R. (D.E. # 118, 119.) However, plaintiffs' objections do not substantively address Magistrate Judge Bloom's finding that plaintiffs did not present sufficient evidence that the SB&J Defendants violated the FDCPA to survive the motion for summary judgment. Plaintiffs merely reiterate that they had "submitted affirmative defenses from which a rational juror could find the SB&J Defendants knew the affidavits of service were false or highly likely to be false" and that Magistrate Judge Bloom "offered no persuasive reason why this case should not be resolved on its merits." (Id. at 2.)

This Court therefore reviews that part of Magistrate Judge Bloom's R&R for clear error. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (noting that a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority" does not constitute an adequate objection); Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) ("[T]o the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for clear error." (internal quotation marks and alterations omitted)).

Finding no clear error in that portion of Magistrate Judge Bloom's R&R, (see R&R at 9-14), the Court need not consider whether plaintiffs' claims are also barred under the doctrine of collateral estoppel. Accordingly, the Court adopts as the opinion of the Court that part of Magistrate Judge Bloom's R&R which grants the SB&J Defendants' motion for summary judgment on the ground that plaintiffs failed to present evidence that would permit a rational juror to find that the SB&J Defendants violated the FDCPA.

There are two remaining individual defendants in this action—Azzam Abderrahman and Tara Anglin Marolla—and one corporate defendant, WCS. On May 9, 2012 and June 15, 2012, Magistrate Judge Bloom issued orders directing WCS to obtain counsel and warning that failure to timely retain counsel may result in a default judgment against it. (See D.E. # 84, 88). As WCS has not complied with these orders, plaintiffs have **thirty (30) days** to seek an entry of default against WCS. If plaintiffs do not do so, this Court will dismiss the remaining claim against WCS for failure to prosecute.

SO ORDERED.

Dated: March 25, 2014
Brooklyn, N.Y.

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge

4