FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 30 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NIRVA SANCHEZ and GERARDO SANCHEZ,

    Plaintiffs,

-against-

AZZAM ABDERRAHMAN; TARA ANGLIN MAROLLA; and WESTCHESTER COURT SERVICE-FOX ADVERTISING, INC.,

    Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-3641(CBA)(LB)

**AMON, Chief United States District Judge.**

    Plaintiffs Nirva Sanchez and Gerardo Sanchez, proceeding pro se, commenced this action on August 9, 2010. (Docket Entry ("D.E.") # 1.) As discussed in this Court's Memorandum & Order dated March 30, 2012, the instant action arises out of a New York state court proceeding brought against the Sanchezes for, among other things, failing to pay certain charges for condominium units they owned. (See generally Mem. & Order, D.E. # 69.) The Sanchezes allege in the instant action that they were the victims of "sewer service" in the state court proceeding, i.e. that defendants failed to serve them and then falsely affirmed that they had been properly served. The Sanchezes initially brought various claims against a number of defendants but, after approximately four years of litigation before this Court, the only claims remaining are those brought under the Fair Debt Collection Practices Act ("FDCPA") against Azzam Abderrahman, the process server in the underlying state action; Tara Anglin Marolla, the individual who notarized the allegedly defective service; and Westchester Court Service-Fox Advertising, Inc. ("WCS"), the process service agency.

    On May 5, 2014, Marolla filed a motion for summary judgment. (D.E. # 128.) On May 6, 2014, the Sanchezes moved for default judgment against both Abderrahman and WCS. (D.E.

1

# 131, 133, 134.) The Clerk of Court entered default against both Abderrahman and WCS on May 12, 2014. This Court referred the motion for summary judgment and motions for default judgment to Magistrate Judge Lois Bloom for report and recommendation.

Magistrate Judge Bloom issued a Report and Recommendation ("R&R) on August 12, 2014, recommending that the Court (1) grant Marolla's motion for summary judgment; (2) grant the Sanchezes' motions for default judgment against Abderrahman and WCS in the amount of $1,422.50; and (3) dismiss as moot the cross-claims for indemnification asserted by Smith, Buss and Jacobs, LLP, John J. Malley, and Kenneth R. Jacobs (collectively the "SB&J defendants") because all claims against these defendants were previously dismissed by this Court.

The Sanchezes filed timely objections to the R&R, arguing that Marolla's motion for summary judgment should not be granted, that a hearing should have been conducted with respect to damages for the Sanchezes' motions for default judgment, and that the calculation of damages was incorrect. (See D.E. # 147.) When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the Report and Recommendation only for

clear error." Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011) (internal quotation marks and citations omitted).

The Court has reviewed the R&R de novo and considered the objections filed by the Sanchezes. The Court finds those objections meritless and adopts the R&R in its entirety, with the following amendment.

With respect to the recommendation that the Court grant the motion for default judgment against Abderrahman and WCS, the Court notes, as the R&R did, that both Abderrahman and WCS participated in this action for a period of time. (See R&R at 3.) Abderrahman, proceeding pro se, answered the amended complaint, (D.E. # 25), and attended conferences in this case, (see, e.g., D.E. # 34). Abderrahman, however, failed to appear for a conference on April 29, 2014, despite being warned on March 28, 2014 that failure to appear at the conference could result in the entry of a default judgment against the defendants. (D.E. # 123, 127.) Magistrate Judge Bloom noted that Abderrahman had not been in contact with the Court for nearly two years. (D.E. # 127.) On this basis, Magistrate Judge Bloom set a deadline of May 7, 2014 for plaintiffs to move for default judgment against Abderrahman. (Id.) Abderrahman did not respond to the motion for default judgment and has not objected to the R&R.

Although Abderrahman appeared in this action for a period of time, default judgment is appropriate. As noted in the March 28, 2014 Order that Magistrate Judge Bloom issued to the parties, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). Pursuant to Rule 37(b), a court may "render[] a default judgment against [a] disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). "In evaluating whether a default judgment is warranted, courts should consider

3

the following factors: (1) the party's history of noncompliance; (2) whether the party had sufficient time to comply; and (3) whether the party had received notice that further delays would result in dismissal." Sony BMG Music Entm't v. Thurmond, No. 06-CV-1230(DGT), 2009 WL 4110292, at *3 (E.D.N.Y. Nov. 24, 2009) (citation omitted). Here, given Abderrahman's failure to defend the action and attend the April 29, 2014 conference, despite being warned one month in advance that the failure to attend could result in a default judgment, an entry of default judgment against him is appropriate. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (acknowledging that "the typical Rule 55 case [is one] in which a default has entered because a defendant failed to file a timely answer," but noting that "a district court is also empowered to enter a default against a defendant [that] has failed to . . . otherwise defend" (internal quotation marks and citations omitted)).

WCS also answered the amended complaint and even filed a motion to dismiss the action, which this Court denied. (See D.E. # 12, 69.) Counsel for WCS subsequently withdrew. WCS has failed to appear through new counsel despite Magistrate Judge Bloom's warning on June 15, 2012 that a corporation may only appear through a licensed attorney and that "plaintiffs may take appropriate action" if new counsel did not file a notice of appearance. (D.E. # 88.) A default judgment is therefore appropriate against WCS. See Robertson v. Doe, No. 05-CV-7046(LAP), 2008 WL 2519894, at *4 (S.D.N.Y. June 19, 2008) ("Where a corporation has failed to appear through counsel, contrary to a district court order, it is appropriate to enter default judgment against it.").

## CONCLUSION

Accordingly, Marolla's motion for summary judgment is granted, the Sanchezes' motions for default judgment against Abderrahman and WCS are granted in the amount of $1,422.50, and the SB&J defendants' cross-claims for indemnification against Abderrahman, WCS, and Marolla are dismissed as moot. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: September 30, 2014
      Brooklyn, NY

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge